# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNELL WEBB,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILTATION,<br><br>    Defendant. | Case No. 1:14-cv-01528-MJS (PC)<br><br>**ORDER (1) DISREGARDING APPLICATION TO PROCEED IN FORMA PAUPERIS, and (2) DIRECTING PLAINTIFF TO SUBMIT APPLICATION TO PROCEED IN FORMA PAUPERIS ON PROPER FORM OR PAY FILING FEE WITHIN 45 DAYS**<br><br>**(ECF No. 2)**<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND WITHIN THIRTY DAYS**<br><br>**(ECF No. 1)** |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed on September 29, 2014 pursuant to 42 U.S.C. § 1983.

Before the Court are (1) Plaintiff's motion to proceed in forma pauperis ("IFP"), and (2) the Complaint for screening.

**I.      MOTION TO PROCEED IN FORMA PAUPERIS**

Plaintiff's September 29, 2014 motion to proceed IFP utilizes an incorrect form

1

and is disregarded.

Plaintiff has not paid the $400.00 filing fee, or submitted the correct application to proceed IFP pursuant to 28 U.S.C. § 1915.

Accordingly, Plaintiff is ordered to submit the attached application to proceed IFP, completed and signed, or in the alternative, pay the $400.00 filing fee, all as more particularly provided below.

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III.  PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1)

2

that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.* at 667-68.

**IV.    SUMMARY OF THE COMPLAINT**

Plaintiff names as Defendant the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff refers to Housing Unit Officer Lopez in his pleading, but does not name him as a Defendant.

Plaintiff's essential allegations can be summarized as follows:

There was a racially motivated riot in Plaintiff's housing unit at North Kern State Prison ("NKSP"). Unit Officer Lopez abandoned the housing unit during the riot, leaving his flashlight and it was used as a weapon.

Plaintiff and several other inmates were then "placed back inside the same unit with those same Latino inmates." (Compl., ECF No. 1, at 1.) Plaintiff and other inmates were found guilty of rules violations based on false staff reports.

3

Plaintiff desires to bring "a class action . . . on behalf of everyone directly involved in this incident" seeking monetary compensation for post-traumatic stress.[1] (Id., at 1-2.)

## V.     DISCUSSION

### A.     Plaintiff may not Sue the CDCR

Plaintiff may not proceed against the CDCR. The Eleventh Amendment "erects a general bar against federal lawsuits brought against a state." *Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010), quoting *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003). The CDCR, a state agency, is entitled to Eleventh Amendment immunity in this action for damages.

Plaintiff should not name the CDCR as Defendant in any amended pleading.

### B.     Plaintiff may not Represent Other Inmates

Plaintiff, proceeding pro se in this action, may not represent the interests of any other inmate(s). *Simon,* 546 F.3d at 664-65; *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997).

The Complaint has been signed by nineteen inmates in addition to Plaintiff. The Court will not permit these additional inmates to join as co-plaintiffs proceeding pro se. Courts have broad discretion regarding the permissive joinder of parties. Fed. R. Civ. P. 20, 21; see *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296-97 (9th Cir. 2000); *Maddox v. County of Sacramento*, No. 2:06-cv-0072-GEB-EFB, 2006 WL 3201078, *2 (E.D. Cal. Nov. 6, 2006). The need for co-plaintiffs to agree upon and sign all filings

---

[1] Plaintiff's allegations do not provide a basis for a class action. Fed. R. Civ. P. 23(a)(4); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664–65 (9th Cir. 2008). This action, therefore, will be construed as an individual civil suit brought by Plaintiff in his sole behalf.

4

becomes impossibly burdensome where, as here, the proposed co-plaintiffs are incarcerated.[2]

Plaintiff shall proceed solely on his own behalf.

### C. Section 1983 Linkage Requirement

Under § 1983, plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir.2002). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. *Iqbal*, 129 S .Ct. at 1948. Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his or her own individual actions or omissions. *Id.* at 1948.

Plaintiff has not named any individual defendant or explained how he or she participated in, or otherwise might be responsible for, the alleged violations. A defendant acting in a supervisory capacity is liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

If Plaintiff chooses to amend, he must name one or more defendants amendable to suit and demonstrate that each personally acted or failed to act violating his rights.

### D. CDCR Rules Violation

When a prisoner faces disciplinary charges, prison officials must provide him with (1) a written statement at least twenty-four hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional

---

[2] Inmates may not correspond with other inmates in the absence of written authorization from the warden. Cal. Code Regs., tit. 15, § 3139.

5

security; and (3) legal assistance where the charges are complex or the inmate is illiterate. See *Wolff v. McDonnell*, 418 U.S. 539, 563–70 (1974).

Plaintiff claims staff "lied" in reports of the incident. (ECF No. 1, at 1.) However, he does not allege facts demonstrating he was denied protections afforded under *Wolff*.

The allegation of a false incident report is not alone a basis for a federal claim. Plaintiff has no free standing right to a correct prison file. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, and an independent right to an accurate prison record, grounded in the Due Process Clause, has not been recognized. *Hernandez v. Johnston,* 833 F.2d 1316, 1319 (9th Cir. 1987). Under state law, liberty interests created by prison regulations are limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life, and Plaintiff's allegations concerning his prison record do not support a claim for relief. *Wilkinson v. Austin,* 545 U.S. 209, 221 (2005), citing *Sandin v. Conner, 515 U.S. 472, 484 (1995).*

Additionally, state prisoners cannot challenge the fact or duration of their confinement in a § 1983 action. Their sole remedy lies in habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the *Heck* bar, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson*, 544 U.S. at 81. "[A] state prisoner's § 1983 action is barred (absent prior invalidation) if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81–2; *Heck v. Humphrey*, 512 U.S. 477, 489 (1994) (until and unless favorable

6

termination of the conviction or sentence occurs, no cause of action under § 1983 exists).

It is unclear whether Plaintiff lost good time credits as a result of the rules violation described in his Complaint. If so, his requested relief may be *Heck* barred.

If Plaintiff chooses to amend this claim, he must allege facts demonstrating denial of process. Additionally, Plaintiff should explain how, if he were to obtain the relief requested in this action, the disciplinary finding could still stand under *Heck*.

### E.  No Deliberate Indifference – Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials must provide prisoners with personal safety. See *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by *Sandin*, 515 U.S. at 472. In order to state a claim for a violation of the Eighth Amendment, plaintiff must allege facts sufficient to show prison officials knew of and disregarded a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Plaintiff does not provide factual detail as to the conditions and risks, if any, he actually faced, how Lopez or any other unnamed defendant(s) intentionally disregarded those conditions and risks, and how and why the conditions and risks caused him harm. In short, nothing in the pleading suggests prison staff "effectively condone[d]" violence against Plaintiff, *Hill v. Godinez*, 955 F.Supp. 945, 949 (N.D. Ill. 1997), or that Plaintiff was harmed thereby.

Additionally, the Prison Litigation Reform Act ("PLRA") provides that:

No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody

7

without a prior showing of physical injury.

42 U.S.C. § 1997e. The physical injury need not be significant, but must be more than de minimus. *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002); see also *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1223-24 (9th Cir. 2008); *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). This limitation does not apply to claimed constitutional violations not premised on mental or emotional injury. See *Grenning v. Miller-Stout*, 739 F.3d 1235, 1238 (9th Cir. 2014); *Oliver*, 289 F.3d at 630 (Fourteenth Amendment claims); *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998) (First Amendment claims).

If Plaintiff chooses to amend, he must allege facts sufficient to demonstrate a named defendant knew of and disregarded a substantial risk causing him serious harm cognizable under the PLRA.

### F.     No Negligence

"Under California law, [t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages)." *Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009), quoting *McGarry v. Sax*, 158 Cal.App.4th 983, 994 (2008).

Under the California Tort Claims Act ("CTCA"), Plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action. Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). Failure to demonstrate such compliance constitutes a failure to state a cause of action and will

result in the dismissal of state law claims. *State of California v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1240 (2004).

Plaintiff cannot base a negligence claim on the above allegations because nothing in these allegations suggests breach of duty. Even if Plaintiff had alleged an otherwise sufficient negligence claim, he does not demonstrate compliance with CTCA claim filing requirements.

Additionally, the Court will not exercise supplemental jurisdiction over a state law claim absent a cognizable federal claim. 28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir.2001); see also *Gini v. Las Vegas Metropolitan Police Dep't*, 40 F.3d 1041, 1046 (9th Cir.1994). "When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." *Les Shockley Racing v. National Hot Rod Ass'n*, 884 F.2d 504, 509 (9th Cir. 1989).

## VI. CONCLUSIONS AND ORDER

Plaintiff has not paid the filing fee for this action and his September 29, 2014 motion to proceed IFP is deficient. The Complaint fails to state any cognizable claim.

The Court will provide Plaintiff with an opportunity to file an amended complaint that cures noted deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did or did not do that led to the deprivation of Plaintiff's constitutional or other federal rights, *Iqbal*, 556 U.S. at 677-78, consistent with this Order. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Further, Plaintiff may not change the nature of this suit by adding new, unrelated

9

claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Finally, an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's September 29, 2014 motion to proceed IFP (ECF No. 2) is disregarded. Within forty-five (45) days of the date of service of this Order, Plaintiff shall submit the attached application to proceed in forma pauperis, completed and signed, or in the alternative, pay the $400.00 filing fee for this action. No requests for extension will be granted without a showing of good cause. Within sixty (60) days of the date of service of this Order, Plaintiff shall submit a certified copy of his prison trust statement for the six month period immediately preceding the filing of the Complaint. Failure to comply with this requirement will result in dismissal of this action.

2. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint filed September 29, 2014.

3. Plaintiff's Complaint (ECF No. 1) is DISMISSED for failure to state a claim upon which relief may be granted.

4. Plaintiff shall file an amended complaint within thirty (30) days from service of this Order.

5. If Plaintiff fails to file an amended complaint in compliance with this Order, the undersigned will recommend the action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva v, Di Vittorio*, 658

F.3d 1090, 1098 (9th Cir. 2011).

IT IS SO ORDERED.

Dated: __October 21, 2014__     /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE

11