# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNELL WEBB,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILTATION,<br><br>　　　　Defendant. | Case No.  1:14-cv-01528-MJS (PC)<br><br>**ORDER SEVERING CLAIMS OF PABLO MEDINA, AND DIRECTING CLERK'S OFFICE TO OPEN NEW ACTION FOR PABLO MEDINA**<br>**(ECF Nos. 6 & 8)**<br><br>**THIRTY DAY DEADLINE FOR PABLO MEDINA TO FILE A  COMPLAINT IN HIS OWN CASE**<br><br>**FORTY-FIVE DAY DEADLINE FOR PABLO MEDINA TO SUBMIT AN APPLICATION TO PROCEED IN FORMA PAUPERIS, OR PAY THE FILING FEE IN HIS OWN CASE** |

　　　　Plaintiff Donnell Webb is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed on September 29, 2014 pursuant to 42 U.S.C. § 1983. The Complaint, which was dismissed for failure to state a claim, purports to proceed on behalf of class-action plaintiffs including Pablo Medina.

　　　　On October 24, 2014, Pablo Medina filed in this action a letter of joinder asserting his claims. On November 3, 2014, Medina filed a letter requesting the status

of his joinder.

**I.    SEVERANCE OF CLAIMS**

The Court, in its order dismissing the Complaint, determined that the allegations did not provide a basis for a class action, Fed. R. Civ. P. 23(a)(4); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664–65 (9th Cir. 2008), and that this action would proceed as an individual civil suit brought by Plaintiff Donnell Webb in his sole behalf. (See ECF No. 5 at n.1.) The Federal Rules of Civil Procedure provide that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party . . . [or] sever any claim against a party." Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. See *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1297 (9th Cir. 2000); *Maddox v. County of Sacramento*, No. 2:06-cv-0072-GEB-EFB, 2006 WL 3201078, *2 (E.D. Cal. Nov. 6, 2006). Accordingly, Pablo Medina must proceed separately, if at all, on the claims he asserts in the October 24, 2014 letter regarding joinder.

Medina's claims shall be severed; Plaintiff Webb shall proceed as the sole Plaintiff in this action; and a new action shall be opened for plaintiff Pablo Medina. *Gaffney v. Riverboat Serv. of Indiana*, 451 F.3d 424, 441 (7th Cir. 2006). Pablo Medina shall be solely responsible for prosecuting his own action.

Since the claims of Pablo Medina will be severed, he shall be given thirty days to file, in his own action, a proper complaint. Pablo Medina must demonstrate in his individual complaint how the conditions complained of resulted in a deprivation of his constitutional rights. He must set forth "sufficient factual matter . . . to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); accord *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting

this plausibility standard. *Iqbal*, 556 U.S. at 679; *Moss*, 572 F.3d at 969. The amended complaint must specifically state how each defendant is involved. Pablo Medina must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Pablo Medina shall also be required to submit an application to proceed in forma pauperis or pay the $400.00 filing fee for his own action, within forty-five days.

**II.   ORDER**

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff Webb shall proceed as the sole plaintiff in case number 1:14-cv-01528-MJS-PC;

2. The claims of Pablo Medina are severed from the claims of Plaintiff Webb;

3. The Clerk of the Court is directed to:

   a. Open a separate § 1983 civil rights action for **Pablo Medina,** AT4819, North Kern State Prison, Bldg. # C-1-B, Bunk 163, P.O. Box 5004 Delano, CA 93216;

   b. Assign the new action to the Magistrate Judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

   c. File and docket a copy of this Order in the new action opened for Pablo Medina;

   d. Place a copy of the letters regarding joinder (ECF Nos. 6 & 8), which were filed in the instant action, in the new action opened for Pablo Medina;

   e. Send Pablo Medina an endorsed copy of the letters regarding

3

joinder (ECF Nos. 6 & 8), bearing the case number assigned to his own individual action;

    f.    Send Pablo Medina a § 1983 civil rights complaint form; and

    g.    Send Pablo Medina an application to proceed in forma pauperis.

4.    Within thirty (30) days from the date of service of this Order, Pablo Medina shall file an original complaint bearing his own case number and signed under penalty of perjury;

5.    Within forty-five (45) days from the date of service of this Order, Pablo Medina shall submit an application to proceed in forma pauperis, or payment of the $400.00 filing fee, in his own case;

6.    Plaintiff's request for status is addressed by the foregoing; and

7.    <u>The failure to comply with this Order will result in a recommendation that the action of Pablo Medina be dismissed</u>.

IT IS SO ORDERED.

Dated:   November 14, 2014      /s/ *Michael J. Seng*
                                                          UNITED STATES MAGISTRATE JUDGE