# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNELL WEBB,<br><br>          Plaintiff,<br><br>     v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILTATION,<br><br>          Defendant. | Case No.  1:14-cv-01528-MJS (PC)<br><br>**ORDER SEVERING CLAIMS OF MARVIN JENKINS, AND DIRECTING CLERK'S OFFICE TO OPEN NEW ACTION FOR MARVIN JENKINS**<br>**(ECF No. 7)**<br><br>**THIRTY DAY DEADLINE FOR MARVIN JENKINS TO FILE A COMPLAINT IN HIS OWN CASE**<br><br>**FORTY-FIVE DAY DEADLINE FOR MARVIN JENKINS TO SUBMIT AN APPLICATION TO PROCEED IN FORMA PAUPERIS, OR PAY THE FILING FEE IN HIS OWN CASE** |

Plaintiff Donnell Webb is a state prisoner proceeding pro se in this civil rights action filed on September 29, 2014 pursuant to 42 U.S.C. § 1983. The Complaint, which was dismissed for failure to state a claim, purported to proceed on behalf of class-action plaintiffs including Marvin Jenkins.

On October 31, 2014, Marvin Jenkins filed in this action a letter of joinder asserting his claims.

On November 6, 2014, Plaintiff filed a first amended complaint, raising only his

1

individual claims. (ECF No. 10.) Plaintiff's first amended complaint has not yet been screened, and will be addressed in a separate order.

**I.      SEVERANCE OF CLAIMS**

The Court, in its order dismissing the Complaint, determined that the allegations did not provide a basis for a class action, Fed. R. Civ. P. 23(a)(4); Simon v. Hartford Life, Inc., 546 F.3d 661, 664–65 (9th Cir. 2008), and that this action would proceed as an individual civil suit brought by Plaintiff Donnell Webb in his sole behalf. (See ECF No. 5 at n.1.) The Federal Rules of Civil Procedure provide that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party . . . [or] sever any claim against a party." Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1297 (9th Cir. 2000); Maddox v. County of Sacramento, No. 2:06-cv-0072-GEB-EFB, 2006 WL 3201078, *2 (E.D. Cal. Nov. 6, 2006). Accordingly, Marvin Jenkins must proceed separately, if at all, on the claims he asserts in the October 31, 2014 letter regarding joinder.

Jenkins' claims shall be severed; Plaintiff Webb shall proceed as the sole Plaintiff in this action; and a new action shall be opened for plaintiff Marvin Jenkins. Gaffney v. Riverboat Serv. of Indiana, 451 F.3d 424, 441 (7th Cir. 2006). Marvin Jenkins shall be solely responsible for prosecuting his own action.

Since the claims of Marvin Jenkins will be severed, he shall be given thirty days to file, in his own action, a proper complaint. Marvin Jenkins must demonstrate in his individual complaint how the conditions complained of resulted in a deprivation of his constitutional rights. He must set forth "sufficient factual matter . . . to state a claim that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)); accord Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 679; Moss, 572 F.3d at 969. The complaint must specifically state how each defendant is involved. Marvin Jenkins must demonstrate that each defendant personally participated in the deprivation

of his rights. <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).

      Marvin Jenkins shall also be required to submit an application to proceed in forma pauperis or pay the $400.00 filing fee for his own action, within forty-five days.

**II.**    **ORDER**

      Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff Webb shall proceed as the sole plaintiff in case number 1:14-cv-01528-MJS-PC;

2. The claims of Marvin Jenkins are severed from the claims of Plaintiff Webb;

3. The Clerk of the Court is directed to:

    a. Open a separate § 1983 civil rights action for **Marvin Jenkins,** AS-9654, North Kern State Prison, Bldg. # C-1-B, Bunk 150 L, P.O. Box 5004, Delano, CA 93216;

    b. Assign the new action to the Magistrate Judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

    c. File and docket a copy of this Order in the new action opened for Marvin Jenkins;

    d. Place a copy of the letter regarding joinder (ECF No. 7), which was filed in the instant action, in the new action opened for Marvin Jenkins;

    e. Send Marvin Jenkins an endorsed copy of the letter regarding joinder (ECF No. 7), bearing the case number assigned to his own individual action;

    f. Send Marvin Jenkins a § 1983 civil rights complaint form; and

    g. Send Marvin Jenkins an application to proceed in forma pauperis.

4. Within thirty (30) days from the date of service of this Order, Marvin Jenkins shall file an original complaint bearing his own case number and

signed under penalty of perjury;

5. Within forty-five (45) days from the date of service of this Order, Marvin Jenkins shall submit an application to proceed in forma pauperis, or payment of the $400.00 filing fee, in his own case; and

6. <u>The failure to comply with this Order will result in a recommendation that the action of Marvin Jenkins be dismissed</u>.

IT IS SO ORDERED.

Dated:   November 16, 2014            /s/ *Michael J. Seng*
                                                        UNITED STATES MAGISTRATE JUDGE