UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNELL WEBB,<br><br>        Plaintiff,<br><br>    v.<br><br>J. LOPEZ, et al.,<br><br>        Defendants. | CASE NO. 1:14-cv-01528-MJS (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>(ECF NO. 10)<br><br>THIRTY DAY DEADLINE |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 12.) Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 4.)

The Court screened Plaintiff's Complaint and dismissed it for failure to state a claim but gave leave to amend. (ECF No. 5.) Plaintiff's First Amended Complaint (ECF No. 10.) is now before the Court for screening.

I. **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

raised claims that are legally "frivolous, malicious," or that fail "to state a claim upon which relief may be granted," or that "seek monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     PLEADING STANDARD

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (*quoting* 42 U.S.C. § 1983). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker* v. *McCollan*, 443 U.S. 137, 144, n. 3 (1979)).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution and laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Ketchum v. Cnty. of Alameda*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.*

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff names as Defendants Officer J. Lopez and North Kern State Prison ("NKSP").

Plaintiff alleges essentially the following:

There was a racially motivated riot at NKSP. Officer Lopez left his assigned post during the riot, leaving behind his flashlight. The flashlight was later used to attack Plaintiff. After the riot, NKSP placed Plaintiff back into a dorm with his attackers.

Plaintiff filed a CDCR 22 Form with respect to the above. It has gone unanswered in violation of his due process rights.

Plaintiff seeks damages.

### IV. ANALYSIS

#### A. State Agencies as Defendants

Plaintiff names NKSP as a defendant in this action. "State agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute." *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) (*citing Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)). NKSP is an arm of the California Department of Corrections and Rehabilitation, which is a state agency. Because a necessary element of a successful Section 1983 claim is that a "person" violated the plaintiff's constitutional rights, and NKSP is not a "person", Plaintiff cannot state a Section 1983 claim against this Defendant.

In addition, "[i]n the absence of a waiver by the state or a valid congressional override, 'under the [E]leventh [A]mendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court.'" *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999) (*quoting Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1989)). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court . . . ." *Id.* at 1025-26; *see also Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th

Cir. 2009). Accordingly, the Eleventh Amendment bars Plaintiff's Section 1983 claim against NKSP. Because amendment would be futile, the Court will dismiss Plaintiff's claim against NKSP without leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

### B. Failure to Intervene

The Eighth Amendment "protects prisoners . . . from inhumane methods of punishment . . . [and] inhumane conditions of confinement." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and severe, prison officials must provide prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). They also have a duty to take reasonable steps to protect inmates from physical harm by other inmates. *Id.* at 833.

To establish a violation of a prison official's duty to take reasonable steps to protect inmates from physical abuse, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. *Id.* at 834. "Mere negligence is not sufficient to establish liability." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Rather, a plaintiff must set forth facts to show that a defendant knew of, but disregarded, an excessive risk to inmate safety. *Farmer*, 511 U.S. at 837. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*.

Plaintiff alleges that Defendant Lopez left his post at some unspecified time and left behind his flashlight. From these minimal facts, the Court cannot ascertain whether Defendant Lopez was present during the riot, knew that it was occurring, saw that Plaintiff was at risk of being injured, and had the reasonable opportunity to intervene, but failed to do so. Plaintiff also fails to plead facts indicating that Defendant Lopez acted with deliberate indifference when he left his flashlight. The fact that the flashlight was

later used to harm Plaintiff is insufficient in itself to demonstrate that Defendant knew of a substantial risk of serious harm to Plaintiff by leaving it behind.

Plaintiff did not name Defendant Lopez as a Defendant in his original Complaint. (ECF No. 1.)  The Court's prior screening order advised him of the elements necessary to state a claim under the Eighth Amendment.  (ECF No. 5.)  Therefore, Plaintiff will be give **one final opportunity** to amend to allege specific facts demonstrating Defendant Lopez was deliberately indifferent to a serious risk of harm to Plaintiff.

### C.    Appeals Process

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law.  *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  However, prisoners have no stand-alone due process rights related to the administrative grievance process.  *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).  Failing to properly process a grievance or denying a grievance does not constitute a due process violation.  *See, e.g.*, *Wright v. Shannon*, No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); *Williams v. Cate*, No. 1;09-cv-00468-OWW-YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

Plaintiff complains that his grievance and complaint regarding Defendant Lopez's actions have gone unanswered.  However, Plaintiff fails to link any named Defendant to these actions.  *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights).  Additionally, Plaintiff has not stated a cognizable due process claim since no such rights exist relative to the administrative grievance process.  Leave to amend would be futile and is denied.

## V. CONCLUSION AND ORDER

Plaintiff's First Amended Complaint does not state a claim against any Defendant.

The Court will grant Plaintiff one last chance to amend to cure the deficiencies against Defendant Lopez only, which Plaintiff believes, in good faith, are curable. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaint). Plaintiff should also keep in mind that he can only add parties not named in the original pleading if the claim or defense arises out of the same "conduct, transaction, or occurrence," and the party must have known "or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

If Plaintiff files an amended complaint, it should be brief, but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an "amended complaint supersedes the [prior]" complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). It must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Here, the amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, it is HEREBY ORDERED that:

1.  Plaintiff's First Amended Complaint (ECF No. 10.) is DISMISSED;

2. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his signed First Amended Complaint filed November 6, 2014;

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this Order; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim, failure to comply with a court order, and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva v. Di Vittorio*, 658 F.3d 1090, 1098 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   April 13, 2015                    /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE